UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| SAM SABOURY, | ) |
| Petitioner, | ) Case No. 1:17-cv-454 |
| v. | ) Honorable Robert J. Jonker |
| GREGORY HARDY, | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

This case stems from petitioner's application to the Ingham County Circuit Court for entry of a personal protection order against respondent. Respondent filed a notice of removal. (ECF No. 1).

Upon review, I find that the Court lacks subject matter jurisdiction. I recommend that this matter be remanded to state court pursuant to 28 U.S.C. § 1447(c).

**Applicable Standards**

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.'" *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064. "'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to

consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## Proposed Findings of Fact

On April 25, 2017, Sam Saboury filed a petition in Ingham County Circuit Court asking for entry of a personal protection order against Gregory Hardy. (PPO Petition, Case No. 17-1318-PH, ECF No. 1-1, PageID.7). Among other things, the PPO petition indicated that Mr. Saboury and Mr. Hardy are both residents of East Lansing, Michigan. (ECF No. 1-1, PageID.7). Further, the petition noted that there was a lawsuit pending in Ingham County District Court involving these parties. (*Id.*) (citing Ingham County District Court Case No. 17-0419-LT). The state district court lawsuit was an action seeking to evict Mr. Hardy from his apartment for nonpayment of rent.[1]

On April 27, 2017, Mr. Hardy filed a Notice of Removal regarding the PPO petition, Case No. 17-1318-PH.[2] (ECF No. 1).

---

[1] Mr. Hardy filed a notice of removal regarding Case No. 17-0419-LT. This Court determined that it lacked subject matter jurisdiction. On July 31, 2017, the Court remanded the case to the state district court pursuant to 28 U.S.C. § 1447(c). *SMTS Group v. Hardy*, 1:17-cv-453 (W.D. Mich. July 31, 2017).

[2] On April 13, 2017, Mr. Hardy filed a lawsuit in this Court naming a number of defendants, including Mr. Saboury. *See Hardy v. East Lansing Police Dep't*, 1:17-cv-338 (W.D. Mich.). Although Case No. 1:17-cv-338 appears on the face of Mr. Hardy's Notice of Removal (ECF No. 1, PageID.1), it remains a separate lawsuit.

-2-

**Discussion**

A defendant in a state-court civil action may remove the matter to federal court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is often referred to as "federal question" jurisdiction. Federal courts also have original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If the Court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case to the state court from which it came. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

1. Federal Question Jurisdiction

"Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal question exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Archer v. Arms Technology, Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, the operative pleading is the PPO petition. (ECF No. 1-1, PageID.7). Mr. Saboury is not asserting any federal claim. (*Id.*).

"A corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question." *Archer*, 72 F. Supp. 2d at 787 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998); *Caterpillar, Inc.*, 482 U.S. at 393; *Switzer v. Hayes Wheels International, Inc.*, 976 F. Supp. 692, 694 (E.D. Mich. 1997); *Burke v. Northwest Airlines, Inc.*, 819 F. Supp. 1352, 1355 (E.D. Mich. 1993)). While there are a couple of limited exceptions to the "well-pleaded complaint" rule, *see Archer*, 72 F. Supp. 2d at 787, it is readily apparent that none apply to this case.

2. Diversity Jurisdiction

A federal court has diversity jurisdiction if each party to the lawsuit is a citizen of a different state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity purposes, citizenship is equivalent to domicile. *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Mr. Saboury and Mr. Hardy are each residents of East Lansing, and each is domiciled in the State of Michigan. Moreover, the relief Mr. Saboury requests is a PPO, not damages. (ECF No. 1-1, PageID.7). There is nothing before the Court that suggests an amount in controversy approaching $75,000.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that this matter be remanded to state court pursuant to 28 U.S.C. § 1447(c).


Dated:   January 23, 2018          /s/  Phillip J. Green            
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).